**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff*,
Mark Marmolejo

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARK MARMOLEJO,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692, ET SEQ.; AND,**<br><br>II. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV CODE §§ 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. MARK MARMOLEJO ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") with regard to attempts by Defendant to unlawfully and abusively collect an debt allegedly owed by Plaintiff, in violation of Federal and California State debt collection laws.

4. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq.

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Santa Barbara, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant has engaged in business at

all times relevant while within this judicial district.

## PARTIES

13. Plaintiff is a natural person who resides in the City of Santa Maria, County of Santa Barbara, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) as well as Cal. Civ. Code § 1785.3(c).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is a California debt collection company operating from the County of San Diego, State of California.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of itself, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiff is an individuals residing within the State of California and within this judicial district.

18. At all times relevant, Defendant conducted business in the State of California.

19. Sometime prior to October 2014, Plaintiff allegedly incurred financial obligations to the original creditor.

///

20. These alleged finance obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt[s]" as that term is defined by California Civil Code §1788.2(d) and 15 U.S.C. 1692a(5), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debts.  Plaintiff currently takes no position as to the validity of the alleged debt.

22. Subsequently, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection activity.

23. As a result of Defendant's collection activity, Plaintiff demanded, via certified mail, that Defendant cease and desist all collection activity with regard to Plaintiff's alleged debt.  Said demand was received by Defendant at 7:37 a.m. on October 20, 2014.

24. Despite receipt of Plaintiff's demand, Defendant contacted Plaintiff directly in an attempt to collect Plaintiff's alleged debt via written communication dated October 28, 2014.

25. Such contact following receipt of Plaintiff's cease and desist request constitutes a violation of 15 U.S.C. § 1692c(c).  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

26. Moreover, Defendant's October 28, 2014 written communication was also written in Spanish, a language that Plaintiff is unable to read.  Said written communication further confused Plaintiff while causing emotional distress since Plaintiff was unable to interpret Defendant's collection attempt.

27. Through this conduct, Defendant violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt.

28. Through this conduct, Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means in connection with the collection of Plaintiff's alleged debt.

29. Through this conduct, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's alleged debt.

30. As described herein, Defendant engaged in illegal collection activity with regard to Plaintiff's alleged debt. Such activity constitutes violations of 15 U.S.C. §§ 1692c(c); 1692e; 1692e(10); 1692f; and, 1692f(1). In addition, Defendant has also violated Cal. Civ. Code § 1785.25(a).

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.
### [AGAINST ALL DEFENDANTS]

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq.

33. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendants individually.

///
///
///
///

# COUNT II

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code § 1788, et seq.

### [AGAINST ALL DEFENDANTS]

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

36. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for Plaintiff;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for Plaintiff;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

///

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

37. Pursuant to the Seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 25, 2014                                Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:   /s/ Matthew M. Loker
       MATTHEW M. LOKER, ESQ.
       ATTORNEY FOR PLAINTIFF